CONFORM

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Plaintiff's Attorneys continued on next page

Attorneys for Specially Appearing Plaintiff EILEEN
SCHLIM, on behalf of herself and all others similarly situated

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| EILEEN SCHLIM, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHICO'S FAS, INC., a Florida corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: CV11-3229 SJO (PJWx)<br>Honorable James S. Otero<br>Courtroom 1<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY ALL WAGES;**<br>2. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS;**<br>4. **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS;**<br>5. **FAILURE TO PAY VESTED VACATION PAY;**<br>6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>7. **VIOLATIONS OF LABOR CODE §203;**<br>8. **UNFAIR BUSINESS PRACTICES; AND**<br>9. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action filed: March 17, 2011<br>Action removed: March 15, 2011 |

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1   <u>Plaintiff's Counsel, continued</u>

2   Joseph Antonelli, Esq. (#137039)
    Janelle Carney, Esq. (#201570)
3   LAW OFFICE OF JOSEPH ANTONELLI
    1000 Lakes Drive, Suite 450
4   West Covina, CA 91790-2918
    Tel.: (626) 917-6228 / Fax: (626) 917-7686
5   Email: JAntonelli@antonellilaw.com

6   Bruce Kokozian, Esq. (#195723)
    KOKOZIAN LAW FIRM, APC
7   5900 Wilshire Boulevard, Suite 1730
    Los Angeles, CA 90036-5017
8   Tel.: (323) 857-5900 / Fax: (323) 935-4919
    Email: BKokozian@kokozianlawfirm.com

9

10  ///

11  ///

12  ///

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5634
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1   Specially Appearing Plaintiff EILEEN SCHLIM ("Plaintiff"), an individual

2   on behalf of herself and all others similarly situated (hereinafter collectively referred

3   to as "Plaintiffs"), hereby files this Complaint against Defendant CHICO'S FAS,

4   INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants").

5   Plaintiffs are informed and believe, and on the basis of that information and belief,

6   allege as follows:

**I.**

**INTRODUCTION**

9   1.     This is a civil action seeking recovery for Defendants' violations of

10   California <u>Labor Code</u> ("<u>Labor Code</u>") §§1194, et seq., <u>Labor Code</u> §§200, et seq.,

11   <u>Labor Code</u> §227.3, <u>Labor Code</u> §§500, et seq., California <u>Business and</u>

12   <u>Professions Code</u> ("<u>B&PC</u>") §§17000, et seq. and §§17200, et seq., the applicable

13   Wage Orders issued by the California Industrial Welfare Commission (hereinafter,

14   the "<u>IWC Wage Orders</u>") and related common law principles.

15   2.     Plaintiffs' action seeks monetary damages, including full restitution

16   from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair

17   business practices.

18   <u>RELEVANT JOB TITLES</u>

19   3.     The relevant job titles in this action are:

20         a.  With regard to Plaintiffs' first, second and sixth through ninth causes

21             of action, Defendants' California-based hourly-paid store

22             employees, and

23         b.  With regard to Plaintiffs' third, fourth and fifth through ninth causes

24             of action, Defendants' California-based full time store employees.

25   4.     Any differences in job activities between the different individuals who

26   worked as Defendants' California-based hourly-paid employees and Defendant's

27   California-based full time store employees were and are legally insignificant to the

28   issues presented by this action.

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.:(323) 549-9100
FAX: (323) 549-0101

- 3 -

## SUMMARY OF CLAIMS

5.      With regard to Defendant's California-based hourly-paid store employees and Defendants' California-based full time store employees (as defined, supra), Defendants have:

      a.  Failed to pay straight time, minimum and/or overtime wages for all hours worked;

      b.  Failed to pay overtime wages at the legal overtime pay rate;

      c.  Failed to provide meal periods;

      d.  Failed to authorize and permit paid rest periods;

      e.  Failed to pay all vested vacation time;

      f.  Failed to timely furnish accurate itemized wage statements;

      g.  Violated Labor Code §203; and

      h.  Conducted unfair business practices.

## II.

## PARTIES

### PLAINTIFF EILEEN SCHLIM

6.      Plaintiff EILEEN SCHLIM is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

7.      Plaintiff EILEEN SCHLIM is working and/or has worked for Defendants from approximately March 2008 to December 24, 2010, including as a California-based hourly-paid full time Assistant Manager.

8.      Plaintiff EILEEN SCHLIM seeks recovery herein from Defendants because with regard to Plaintiff EILEEN SCHLIM, while acting for Defendants in her capacity as a California-based hourly-paid full time empoyee, Defendants have:

      a.  Failed to pay straight time, minimum and/or overtime wages for all hours worked;

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

b.  Failed to pay overtime wages at the legal overtime pay rate;

c.  Failed to provide meal periods;

d.  Failed to authorize and permit paid rest periods;

e.  Failed to pay all vested vacation time;

f.  Failed to timely furnish accurate itemized wage statements;

g.  Violated Labor Code §203; and

h.  Conducted unfair business practices.

DEFENDANT, CHICO'S FAS, INC.

9.     Defendant CHICO'S FAS, INC. is now and/or at all times mentioned in this Complaint was a Florida corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

10.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

11.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

12.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

13.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

///

///

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 5 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

14.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

16.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

17.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

18.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

19.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

20.    The California Superior Court has jurisdiction in this matter due to Defendants' aforementioned violations of California statutory law and/or related common law principles.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1    21.    The California Superior Court also has jurisdiction in this matter
2  because both the individual and aggregate monetary damages and restitution sought
3  herein exceed the minimal jurisdictional limits of the Superior Court and will be
4  established at trial, according to proof.

5    22.    The California Superior Court also has jurisdiction in this matter
6  because during their employment with Defendants, Plaintiff EILEEN SCHLIM and
7  the members of the putative Classes herein were all California citizens. Further, the
8  individual claims of Plaintiff EILEEN SCHLIM and the members of the putative
9  Classes herein, including each such putative Class Member's pro-rata share of
10  attorneys' fees and all other requested relief, are under the seventy-five thousand
11  dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate
12  claims, including attorneys' fees and all other requested relief, are under the five
13  million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.
14  Further, there is no federal question at issue, as the issues herein are based solely on
15  California statutes and law.

16    23.    Venue is proper in Los Angeles County pursuant to CCP §395(a) and
17  CCP §395.5 in that liability arose there because at least some of the transactions that
18  are the subject matter of this Complaint occurred therein and/or each Defendant
19  either is found, maintains offices, transacts business, and/or has an agent therein.

**IV.**

**CLASS ACTION ALLEGATIONS**

22    24.    CCP §382 provides in pertinent part: "…[W]hen the question is one
23  of a common or general interest, of many persons, or when the parties are
24  numerous, and it is impracticable to bring them all before the court, one or more
25  may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action
26  pursuant to CCP §382.

27    25.    The putative classes Plaintiffs will seek to certify are currently
28  composed of and defined as follows:

Law Offices of
Kevin T. Barnes
570 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-9101

- 7 -

a. All California-based hourly-paid store employees employed by Defendants during the appropriate time period to whom Defendants failed to pay straight time, minimum and/or overtime pay for every hour they were subject to Defendants' control (hereinafter, the "Wage Class");

b. All California-based hourly-paid store employees employed by Defendants during the appropriate time period who worked over eight (8) hours per day and/or over forty (40) hours per week and whose overtime pay from Defendants was not calculated to include consideration of all applicable forms of remuneration received from Defendants, including but not limited to bonuses (hereinafter, the "Overtime Rate Class");

c. All California-based full time store employees employed by Defendants during the appropriate time period whom Defendants deprived of the legally requisite meal periods (hereinafter, the "Meal Period Class");

d. All California-based full time store employees employed by Defendants during the appropriate time period whom Defendants failed to authorize and permit the legally requisite rest periods (hereinafter, the "Rest Period Class");

e. All formerly-employed California-based full time store employees employed by Defendants during the appropriate time period to whom Defendants failed to pay all vested vacation time when they separated from Defendants' employment pursuant to Labor Code §227.3 (hereinafter, the "Vacation Pay Class");

f. All California-based hourly-paid and/or full time store employees employed by Defendants during the appropriate time period to

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 8 -

SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT

1     whom Defendants failed to provide accurate itemized wage

2     statements (hereinafter, the "Wage Statement Class");

3     g. All formerly-employed California-based hourly-paid and/or full

4     time store employees employed by Defendants during the

5     appropriate time period regarding whom Defendants failed to

6     comply with <u>Labor Code</u> §203 (hereinafter, the "LC 203 Class");

7     and

8     h. All California-based hourly-paid and/or full time store employees

9     employed by Defendants during the appropriate time period

10     regarding whom Defendants have engaged in unlawful, unfair

11     and/or fraudulent business acts or practices prohibited by <u>B&PC</u>

12     §17200, et seq. as described herein (hereinafter, the "17200

13     Class").

14     26.    The Wage Class, Overtime Rate Class, Meal Period Class, Rest

15 Period Class, Vacation Pay Class, Wage Statement Class, LC 203 Class and 17200

16 Class are herein collectively referred to as the "Classes."

17     27.    Throughout discovery in this litigation, Plaintiffs may find it

18 appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will

19 formally define and designate a class definition at such time when Plaintiffs seek to

20 certify the Classes alleged herein.

21     28.    <u>Numerosity</u> (<u>CCP</u> §382):

22     a. The potential quantity of members of the Classes as defined is so

23     numerous that joinder of all members is unfeasible and impractical.

24     b. The disposition of the claims of the members of the Classes

25     through this class action will benefit both the parties and this

26     Court.

27 ///

28 ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 9 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

29. <u>Superiority</u> (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful

SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101

claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv)  potentially incompatible standards of conduct for Defendants;

v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1450
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30. <u>Well-defined Community of Interest:</u> Plaintiffs also meet the established standards for class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29 Cal.4th 1096), as follows:

a. <u>Typicality:</u> The claims of Plaintiff EILEEN SCHLIM are typical of the claims of all members of the Classes she seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b. <u>Adequacy:</u> Plaintiff EILEEN SCHLIM:

i) is an adequate representative of the Classes she seeks to represent;

ii) will fairly protect the interests of the members of the Classes;

iii) has no interests antagonistic to the members of the Classes; and

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

       iv)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.  <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    i)   Whether the members of the Wage Class were paid the legal and appropriate straight time pay, minimum wage pay and/or overtime pay for all hours during which they were subject to Defendants' control;

    ii)   Whether the members of the Overtime Rate Class were paid all overtime wage at the legal overtime pay rate;

    iii)   Whether Defendants failed and continue to fail to provide meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>;

    iv)   Whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

    v)   Whether Defendants failed to pay all vested vacation pay to the members of the Vacation Pay Class;

    vi)   Whether Defendants failed to timely furnish accurate itemized statements to the members of the Wage Statement Class;

    vii)   Whether Defendants are liable pursuant to <u>Labor Code</u> §203;

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101

viii) Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

ix) Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

x) Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xi) Whether the members of the Classes are entitled to injunctive relief;

xii) Whether the members of the Classes are entitled to restitution; and

xiii) Whether Defendants are liable for attorneys' fees and costs.

31. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238).

**V.**

**<u>CAUSES OF ACTION</u>**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES**

**(On Behalf of the Wage Class)**

**(Against All Defendants)**

32. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35. <u>Labor Code</u> §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

36. <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5634
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 14 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

workweek … shall be compensated at the rate of no less than one and one-half
times the regular rate of pay for any employee."

37. California <u>Code of Regulations</u> Title 8, §11000(2) and the IWC Wage
Orders §4(A) state: "Every employer shall pay to each employee … wages not less
than eight dollars ($8.00) per hour for all hours worked, effective January 1,
2008…".

38. <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to
work for a lesser wage, any employee receiving less than the legal minimum wage
or the legal overtime compensation applicable to the employee is entitled to
recover in a civil action the unpaid balance of the full amount of this minimum
wage or overtime compensation, including interest thereon, reasonable attorney's
fees, and costs of suit."

39. Further, pursuant to <u>Labor Code</u> §1197, payment of less than the
minimum wage fixed by the Labor Commission is unlawful.

40. Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for
longer than the hours set by the Industrial Welfare Commission or under
conditions prohibited by the <u>IWC Wage Order(s)</u>.

41. Pursuant to the <u>IWC Wage Order(s)</u>, Defendants are required to pay
the members of the Wage Class for all hours worked, meaning the time during
which an employee is subject to the control of an employer, including all the time
the employee is suffered or permitted to work, whether or not required to do so.

42. Defendants consistently scheduled to work and/or required the
members of the Wage Class to work without paying for all time they were under
Defendants' control, specifically by failing to provide enough labor hours to
accomplish all the tasks that Defendants expected the members of the Wage Class
to complete on a daily and/or weekly basis.

43. Defendants allocate a certain number of labor hours to each store.
Defendants consistently and regularly advised the members of the Wage Class that

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 15 -
SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT

the members of the Wage Class are not allowed to work beyond their scheduled hours and/or that each store is not allowed to incur more labor hours than the number of labor hours budgeted for that store during that time period.

44.     However, Defendants consistently do not allocate enough labor hours such that there is not enough time for Defendants' employees to complete their required duties within the allocated labor hours. In many cases, Defendants have threatened the members of the Wage Class with discipline and/or other sanctions, including but not limited to threats to withhold raises and other discipline up to and including termination if they are unable to complete their assigned tasks without incurring overtime hours. As such, the members of the Wage Class are required to work beyond their regularly scheduled shift in order to get the job done by working off the clock so they can complete the assignments that Defendants demand be completed within the allocated labor budget.

45.     Further, in some cases, specific tasks, such as "Stage Sets," are assigned by Defendants with a predetermined budget of hours. For example, a "Stage Set" might be allocated ten hours. However, Stage Sets often realistically and actually take fifteen or more hours to complete. Therefore, the members of the Wage Class have no choice but to either not complete the assigned tasks (which would result in discipline up to and including termination) or to work off the clock without payment therefore in order to complete all assigned tasks.

46.     In addition, the members of the Wage Class are entitled to commissions on sales from Defendants and if they are in the middle of a sale when their scheduled shift ends then they must either split or forego their commission on the sale. As such, Defendants' commission policy encourages the members of the Wage Class to clock out and work off the clock because they know that they will be reprimanded if they work overtime but they will lose their rightful commission if they do not work off the clock in this situation.

///

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 16 -

SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT

47.     There are various ways to verify that the members of the Wage Class worked off the clock, including by comparing Proof of Sale records with the Wage Class Members' time clock punches as this will show when the Wage Class Members were working versus when they were clocked in and out and/or by comparing store alarm records with Wage Class Members' time clock punches as this will show when the alarm was activated/deactivated as compared to when the Wage Class Members clocked in and out.

48.     Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefore, this resulted in the members of the Wage Class earning less than the legal minimum wage in the State of California.

49.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to <u>Labor Code</u> §218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

50.     Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the  Wage Class as described herein is unlawful and creates entitlement, pursuant to <u>Labor Code</u> §1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

51.     Pursuant to <u>Labor Code</u> §1194.2(a) (which provides that in any action under <u>Labor Code</u> §1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the

LAW OFFICES OF
KEVIN T. BARNES
4570 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -

1    overtime portion thereof) in an amount equal to the wages unlawfully unpaid and

2    interest thereon.

3          52.    That calculation of individual damages for the members of the Wage

4    Class may at some point be required does not foreclose the possibility of taking

5    common evidence on questions regarding their entitlement to overtime

6    compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v.

7    Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior

8    Court (1981) 30 Cal.3d 256).

9          53.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287,

10   the members of the Wage Class seek recovery of pre-judgment interest on all

11   amounts recovered herein.

12         54.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the

13   members of the Wage Class request that the Court award reasonable attorneys'

14   fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**AT THE LEGAL OVERTIME PAY RATE**

**(On Behalf of the Overtime Rate Class)**

**(Against All Defendants)**

20         55.    Plaintiffs incorporate by reference and reallege each and every one of

21   the allegations contained in the preceding and foregoing paragraphs of this

22   Complaint as if fully set forth herein.

23         56.    Labor Code §204 establishes the fundamental right of all employees

24   in the State of California to be paid wages in a timely fashion for their work,

25   including overtime.

26         57.    Labor Code §510(a) states in pertinent part: "Any work in excess of

27   eight hours in one workday and any work in excess of 40 hours in any one

28

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5634
TEL.: (323)549-9100
FAX: (323)549-0101

1  workweek … shall be compensated at the rate of no less than one and one-half

2  times the regular rate of pay for any employee."

3      58.    The "regular rate of pay" includes "all [applicable] remuneration paid

4  to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California

5  Industrial Welfare Commission applies this standard for determining an

6  employee's regular rate of pay for overtime calculation purposes.

7      59.    <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to

8  work for a lesser wage, any employee receiving less than the legal minimum wage

9  or the legal overtime compensation applicable to the employee is entitled to

10  recover in a civil action the unpaid balance of the full amount of this minimum

11  wage or overtime compensation, including interest thereon, reasonable attorney's

12  fees, and costs of suit."

13      60.    The members of the Overtime Rate Class were entitled to a bonus

14  from Defendants when their respective stores met their net sales goals.

15      61.    The members of the Overtime Rate Class received bonuses from

16  Defendants when their respective stores met their net sales goals.

17      62.    The members of the Overtime Rate Class worked in excess of eight

18  (8) hours per workday and/or in excess of forty (40) hours per workweek on at

19  least one occasion during the applicable time period.

20      63.    However, when paying overtime pay to the members of the Overtime

21  Rate Class, Defendants did not include in its overtime pay calculations any

22  consideration of the bonuses earned by the members of the Overtime Rate Class.

23      64.    As such, Defendants, as a matter of established company policy and

24  procedure, at each and every one of the individual facilities owned and/or operated

25  by Defendants, consistently:

26          a.  Administered a uniform company policy and practice regarding

27             the payment of wages, including overtime, to the members of the

28             Overtime Rate Class; and

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 19 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

b. Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the correct overtime rate as required by law, reflecting all applicable forms of remuneration, including but not limited to bonuses.

65. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

66. That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

67. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

68. Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (On Behalf of the Meal Period Class)

### (Against All Defendants)

69. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

70.   Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

71.   Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

72.   Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

73.   Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

74.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

75.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1)

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1   hour of pay at the employee's regular rate of compensation for each workday that

2   the meal period is not provided."

3       76.    The members of the Meal Period Class consistently worked over five

4   (5) hours per shift and therefore were entitled to a meal period of not less than

5   thirty (30) minutes prior to exceeding five (5) hours of employment.

6       77.    Further, some members of the Meal Period Class consistently worked

7   over ten (10) hours per shift and therefore were entitled to a second meal period of

8   not less than 30 minutes.

9       78.    The members of the Meal Period Class did not validly or legally

10  waive their meal periods, by mutual consent with Defendants or otherwise.

11      79.    The members of the Meal Period Class did not enter into any written

12  agreement with Defendants agreeing to an on-the-job paid meal period.

13      80.    Defendants consistently scheduled to work and/or required the

14  members of the Meal Period Class to work without paying for all time they were

15  under Defendants' control, specifically by failing to provide enough labor hours to

16  accomplish all the tasks that Defendants expected the members of the Meal Period

17  Class to complete on a daily and/or weekly basis.

18      81.    Defendants allocate a certain number of labor hours to each store.

19  Defendants consistently and regularly advised the members of the Meal Period

20  Class that the members of the Meal Period Class are not allowed to work beyond

21  their scheduled hours and/or that each store is not allowed to incur more labor

22  hours than the number of labor hours budgeted for that store during that time

23  period.

24      82.    However, Defendants consistently do not allocate enough labor hours

25  such that there is not enough time for Defendants' employees to complete all their

26  assigned duties and also receive their legally requisite meal periods.

27      83.    As such, as a matter of Defendants' established company policy,

28  Defendants failed to comply with the meal period requirements established by

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5634
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 22 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1  Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the

2  IWC Wage Order(s) by failing to provide the members of the Meal Period Class

3  with either a first or second legally compliant meal period.

4      84.    There are various ways to verify that the members of the Meal Period

5  Class did not receive legally requisite meal periods, such as by comparing Proof of

6  Sale records with the Meal Period Class Members' time clock punches, as this will

7  show when the Meal Period Class Members were working versus when they were

8  clocked in and out.

9      85.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code

10  §226.7(b) which states "if an employer fails to provide an employee a meal or rest

11  period in accordance with an applicable order of the industrial Welfare

12  Commission, the employer shall pay the employee one additional hour of pay at

13  the employee's regular rate of compensation for each work day that the meal or

14  rest period is not provided," the members of the Meal Period Class are entitled to

15  damages in an amount equal to one (1) additional hour of pay at each employee's

16  regular rate of compensation for each work day that the meal period was not

17  provided.

18      86.    Pursuant to Labor Code §218.6 and CC §3287, the members of the

19  Meal Period Class seek recovery of pre-judgment interest on all amounts recovered

20  herein.

21      87.    Pursuant to Labor Code §218.5, the members of the Meal Period

22  Class request that the Court award reasonable attorneys' fees and costs incurred by

23  them in this action.

24  ///

25  ///

26  ///

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 23 -

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

### (On Behalf of the Rest Period Class)

### (Against All Defendants)

88.　　Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

89.　　Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

90.　　Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

91.　　Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

92.　　Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

///

///

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

93.     The members of the Rest Period Class consistently worked over four
(4) hours per shift and therefore were entitled to a rest period of not less than ten
(10) minutes prior to exceeding four (4) hours of employment.

94.     Defendants consistently scheduled to work and/or required the
members of the Rest Period Class to work without paying for all time they were
under Defendants' control, specifically by failing to provide enough labor hours to
accomplish all the tasks that Defendants expected the members of the Rest Period
Class to complete on a daily and/or weekly basis.

95.     Defendants allocate a certain number of labor hours to each store.
Defendants consistently and regularly advised the members of the Rest Period
Class that the members of the Rest Period Class are not allowed to work beyond
their scheduled hours and/or that each store is not allowed to incur more labor
hours than the number of labor hours budgeted for that store during that time
period.

96.     However, Defendants consistently do not allocate enough labor hours
such that there is not enough time for the members of the Rest Period Class to
complete all their assigned duties and also receive their legally requisite rest
periods.

97.     As such, as a matter of Defendants' established company policy,
Defendants failed to authorize and permit the required rest periods established by
Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage
Order(s).

98.     Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code
§226.7(b) which states "if an employer fails to provide an employee a meal or rest
period in accordance with an applicable order of the Industrial Welfare
Commission, the employer shall pay the employee one additional hour of pay at
the employee's regular rate of compensation for each work day that the meal or
rest period is not provided," the members of the Rest Period Class are entitled to

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1  damages in an amount equal to one (1) additional hour of pay at each employee's

2  regular rate of compensation for each work day that the rest period was not so

3  provided.

4      99.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the

5  Rest Period Class seek recovery of pre-judgment interest on all amounts recovered

6  herein.

7      100.    Pursuant to <u>Labor Code</u> §218.5, the members of the Rest Period Class

8  request that the Court award reasonable attorneys' fees and costs incurred by them

9  in this action.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY VESTED VACATION PAY

### (On Behalf of the Vacation Pay Class)

### (Against All Defendants)

14      101.    Plaintiffs incorporate by reference and reallege each and every one of

15  the allegations contained in the preceding and foregoing paragraphs of this

16  Complaint as if fully set forth herein.

17      102.    <u>Labor Code</u> §227.3 states in pertinent part: "[W]henever a contract of

18  employment or employer policy provides for paid vacations, and an employee is

19  terminated without having taken off his vested vacation time, all vested vacation

20  shall be paid to him as wages at his final rate in accordance with such contract of

21  employment or employer policy respecting eligibility or time served; provided,

22  however, that an employment contract or employer policy shall not provide for

23  forfeiture of vested vacation time upon termination."

24      103.    At all times relevant to this action, Defendants had a uniform and

25  consistent corporate policy, procedure and practice to provide paid vacations to the

26  members of the Vacation Pay Class, as follows: "Unless otherwise required by

27  law, personal time off is accrued on a calendar year basis. It may not be carried

28  over into the next calendar year for any reason. In addition, personal time off is not

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1   paid out when an associate separates from the Company or changes from full-time

2   to part-time status."

3       104.   During their employment by Defendants, the members of the Vacation

4   Pay Class accrued vacation time.

5       105.   The members of the Vacation Pay Class separated from their

6   employment with Defendants during the relevant time period.

7       106.   Each member of the Vacation Pay Class separated from their

8   employment with Defendants without having been paid for all vested vacation

9   time.

10      107.   Defendants had a consistent and uniform policy, practice and

11  procedure of failing to timely pay as wages at the final wage rate all vested

12  vacation time due and owing to the members of the Vacation Pay Class after their

13  separation.

14      108.   The members of the Vacation Pay Class are entitled to damages and

15  restitution in an amount according to proof at trial.

16      109.   "Based on the plain and ordinary meaning of the statutory language,

17  Labor Code section 227.3 cannot be interpreted to exclude unused vacation that

18  vested more than two or four years before the employee was terminated from the

19  unused vacation time for which a terminated employee must be paid." Church v.

20  Jamison (2006) 143 Cal.App.4th 1568, 1580. Further, "Labor Code section 227.3

21  cannot itself be the source of a look-back period that limits the right to recover for

22  unused vested vacation." Id. at 1581.

23      110.   Pursuant to Labor Code §218.6 and CC §3287, the members of the

24  Vacation Pay Class seek recovery of pre-judgment interest on all amounts

25  recovered herein.

26      111.   Pursuant to Labor Code §218.5 and CC §3287, the members of the

27  Vacation Pay Class request that the Court award reasonable attorneys' fees and

28  costs incurred by them in this action.

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5644
TEL.: (323) 549-9100
FAX: (323) 549-0101

# SIXTH CAUSE OF ACTION

# FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

## (On Behalf of the Wage Statement Class)

## (Against All Defendants)

112.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

113.   Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

114.   Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

115.   Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period,

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101

1  meal period and split shift interval, the total daily hours worked, and the total hours
2  worked per pay period and applicable rates of pay.

3      116.   As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the
4  <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not and still
5  do not furnish each of the members of the Wage Statement Class with an accurate
6  itemized statement in writing showing (1) gross wages earned, (2) total hours
7  worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all
8  applicable hourly rates in effect during each respective pay period and the
9  corresponding number of hours worked at each hourly rate by each respective
10 individual.

11     117.   As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the
12 <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not and do
13 not maintain accurate records pertaining to the total hours worked for Defendants
14 by the members of the Wage Statement Class, including but not limited to,
15 beginning and ending of each work period, meal period and split shift interval, the
16 total daily hours worked, and the total hours worked per pay period and applicable
17 rates of pay.

18     118.   Plaintiffs and the members of the Wage Statement Class have suffered
19 injury as a result of Defendants' knowing and intentional failure to maintain
20 accurate records for the members of the Wage Statement Class in that the members
21 of the Wage Statement Class were not timely provided written accurate itemized
22 statements showing all requisite information, including but not limited to total
23 hours worked by the employee, net wages earned and all applicable hourly rates in
24 effect during the pay period and the corresponding number of hours worked at each
25 hourly rate, in violation of <u>Labor Code</u> §226 and the <u>IWC Wage Orders</u> §7(A),
26 such that the members of the Wage Statement Class were misled by Defendants as
27 to the correct information regarding various items, including but not limited to total
28 hours worked by the employee, net wages earned and all applicable hourly rates in

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

1 effect during the pay period and the corresponding number of hours worked at each

2 hourly rate.

3     119.   Pursuant to <u>Labor Code</u> §226(e), the members of the Wage Statement

4 Class suffered injury as a result of Defendants' knowing and intentional failure to

5 comply with Labor Code §226(a) and are therefore entitled to fifty dollars ($50.00)

6 per employee for the initial pay period in which a violation hereunder occurs and

7 one hundred dollars ($100.00) per employee for each violation in a subsequent pay

8 period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

9     120.   Pursuant to <u>Labor Code</u> §226(g), the currently-employed members of

10 the Wage Statement Class are also entitled to injunctive relief to ensure

11 Defendants' compliance with <u>Labor Code</u> §226.

12     121.   Pursuant to <u>Labor Code</u> §226(e) and/or §226(g), the members of the

13 Wage Statement Class are also entitled to an award of costs and reasonable

14 attorneys' fees.

15 **SEVENTH CAUSE OF ACTION**

16 **VIOLATIONS OF <u>LABOR CODE</u> §203**

17 **(On Behalf of the LC 203 Class)**

18 **(Against All Defendants)**

19     122.   Plaintiffs incorporate by reference and reallege each and every one of

20 the allegations contained in the preceding and foregoing paragraphs of this

21 Complaint as if fully set forth herein.

22     123.   <u>Labor Code</u> §203 provides that if an employer willfully fails to pay,

23 without abatement or reduction, in accordance with <u>Labor Code</u> §§201, 201.5, 202

24 and 205.5, any wages of an employee who is discharged or who quits, the wages of

25 the employee shall continue at the same rate, for up to thirty (30) days from the due

26 date thereof, until paid or until an action therefore is commenced.

27     124.   The members of the LC 203 Class are no longer employed by

28 Defendants as they were either discharged from or quit Defendants' employ.

LAW OFFICES OF
KEVIN T. BARNES
8570 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 30 -

125.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

126.    Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

127.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

128.    Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203.

129.    Pursuant to CC §3287, the members of the LC 203 Class seek recovery of pre-judgment interest on all amounts recovered herein.

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (On Behalf of Plaintiffs and All Others Similarly Situated)

### (Against All Defendants)

130.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

131.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

132.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state." ///

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.:(323) 549-9100
FAX:(323) 549-0101

133.   B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

134.   Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

135.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

136.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

137.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

138.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

139.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

140.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

///

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

141.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## NINTH CAUSE OF ACTION

## DECLARATORY RELIEF [CCP §1060]

### (On Behalf of Plaintiffs and All Others Similarly Situated)

### (Against All Defendants)

142.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

143.   CCP §1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

144.   Defendants continue to this day to engage in some or all of the unlawful and unfair conduct as described herein.

145.   An actual controversy exists in that Defendants assert they have the legal right to perform the acts as described herein.

146.   Plaintiffs desire a declaration as to the rights of Plaintiffs and all others similarly situated with respect to Defendants' unlawful and unfair conduct, as described herein.

147.   It is therefore necessary that the Court declare the rights and duties of the parties hereto.

///

///

///

///

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

# VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a. That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages:

b. For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

c. For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

d. For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

e. For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

f. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Second Cause of Action for Failure to Pay Overtime Wages at the Legal Overtime Pay Rate:

g. For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

h. For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

i. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

As to the Third Cause of Action for Failure to Provide Meal Periods:

j.      For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided;

k.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

l.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

m.      For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided;

n.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

o.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

As to the Fifth Cause of Action for Failure to Pay Vested Vacation Pay:

p.      For damages regarding wages due and owing, according to proof;

q.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

r.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

s.      For recovery as authorized by Labor Code §226(e);

t.      For injunctive relief to ensure Defendants' compliance with Labor Code §226 and the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 35 -

SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT

1    u.    For an award of costs and reasonable attorneys' fees pursuant to

2 Labor Code §226(e) and/or §226(g);

3 As to the Seventh Cause of Action for Violations of Labor Code §203:

4    v.    For recovery as authorized by Labor Code §203;

5    w.    For pre-judgment interest as allowed by CC §3287;

6 As to the Eighth Cause of Action for Unfair Business Practices:

7    x.    For an accounting, under administration of Plaintiffs and/or the

8 receiver and subject to Court review, to determine the amount to be returned by

9 Defendants, and the amounts to be refunded to members of the Classes who are

10 owed monies by Defendants;

11    y.    For an Order requiring Defendants to identify each of the members of

12 the Classes by name, home address, and home telephone number;

13    z.    For an Order requiring Defendants to make full restitution and

14 payment pursuant to California law;

15    aa.    For an Order for a preliminary and/or permanent injunction

16 prohibiting Defendants from engaging in the acts complained of herein;

17    bb.    For the creation of an administrative process wherein each injured

18 member of the Classes may submit a claim in order to receive his/her money;

19    cc.    For all other appropriate injunctive, declaratory and equitable relief;

20    dd.    For interest to the extent permitted by law;

21    ee.    For an award of attorneys' fees and costs incurred in the investigation,

22 filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et

23 seq., Labor Code §1194 and/or any other applicable provision of law;

24 As to the Ninth Cause of Action for Declaratory Relief:

25    ff.    For a Declaration from the Court determining the rights of Plaintiffs

26 and all others similarly situated regarding Defendants' unlawful and unfair conduct

27 as described herein;

28 ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 36 -

1  gg.  For such further Declaration of rights as the Court may deem proper;

2  and

3  hh.  For payment of costs and attorneys' fees from the amount recovered

4  for the common benefit of Plaintiffs and all others similarly situated.

5  <u>As to All Causes of Action:</u>

6  ii.  For such relief as this Court may deem just and proper, including

7  reasonable attorneys' fees and costs incurred, within the jurisdictional amount pled

8  herein (unless and until it is determined from actual and competent evidence that

9  the aggregate claims exceed the jurisdictional amount). At this juncture, Plaintiffs

10  are informed and believe that all damages, including but not limited to restitution,

11  penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999.99

12  and that the value of Plaintiffs' individual claims do not exceed $74,999.99.

**VII.**

**<u>DEMAND FOR JURY TRIAL</u>**

15  Plaintiffs hereby demand trial of their claims by jury to the extent authorized

16  by law.

17  Dated: May 13, 2011                    LAW OFFICES OF KEVIN T. BARNES

19  By:  _____
Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**

1

## PROOF OF SERVICE

2

# STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I, the undersigned, am over the age of 18 years and not a party to this action.
My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, CA
4   90036-5664, which is located in Los Angeles County, where the service herein
occurred.

5       On the date of execution hereof, I caused to be served the following attached
6   document/s:

7       **FIRST AMENDED COMPLAINT**

8       on the interested parties in this action, addressed as follows:

9   *Attorneys for Defendant:*          *Attorneys for Plaintiffs:*

10  Lynne C. Hermle, Esq.               Joseph Antonelli, Esq.
Jessica R. Perry, Esq.              Janelle Carney, Esq.
11  Julia C. Riechert, Esq.             LAW OFFICE OF JOSEPH ANTONELLI
ORRICK HERRINGTON                   1000 Lakes Drive, Suite 450
12  SUTCLIFFE LLP                       West Covina, CA 91790-2918
1000 Marsh Road                     Tel.: (626) 917-6228
13  Menlo Park, CA 94025                Fax: (626) 917-7686
Tel.: (650) 614-7482                Email: JAntonelli@antonellilaw.com
14  Fax: (650) 614-7401
Email: JRiechert@orrick.com         Bruce Kokozian, Esq.
15                                      KOKOZIAN LAW FIRM, APC
5900 Wilshire Boulevard, Suite 1730
16                                      Los Angeles, CA 90036-5017
Tel.: (323) 857-5900
17                                      Fax: (323) 935-4919
Email: BKokozian@kokozianlawfirm.com

18      using the following service method(s):

19      **X   VIA MAIL:** I caused the document(s) to be served to be deposited at: **5670
20  Wilshire Boulevard, Los Angeles, CA**, which is a mailbox or other like facility
regularly maintained by the United States Postal Service, in a sealed envelope,
21  with postage paid, addressed to the person(s) on whom the document(s) is/are to be
served, at the office address as last given by that/those person(s), otherwise at
22  that/those person(s)' place(s) of residence. I am aware that on motion of any party
served, service is presumed invalid if the postal cancellation date or postage meter
23  date is more than one (1) day after the date of deposit for mailing stated herein.

24  I DECLARE under penalty of perjury that the foregoing is true and correct.

25  Executed on **May 13, 2011**, at Los Angeles, California.

26

27                                              Cindy Rivas

28

- 1 -
**SCHLIM V. CHICO'S - FIRST AMENDED COMPLAINT**