LYNNE C. HERMLE (STATE BAR NO. 99779)
JESSICA R. PERRY (STATE BAR NO. 209321)
JULIA C. RIECHERT (STATE BAR NO. 254078)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401
lchermle@orrick.com
jperry@orrick.com
jriechert@orrick.com

Attorneys for Defendant
CHICO'S FAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN SCHLIM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHICO'S FAS, INC., a Florida corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. CV11-03229 SJO (PJWx)<br><br>**DEFENDANT CHICO'S FAS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>DATE: July 5, 2011<br>PLACE: Courtroom 1<br>TIME: 10:00 a.m.<br>JUDGE: Hon. S. James Otero |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1
II. ARGUMENT........................................................................................................1
    A. Plaintiff's Merits-Based Class Definitions Must Be Stricken................1
    B. Plaintiff Cannot Seek Injunctive or Declaratory ...................................2
    C. Plaintiff's Inapplicable California Standards Should Be Stricken........3
    D. Plaintiff Cannot Seek an Accounting or Fees Under the UCL .............3
    E. Plaintiff Relies on the Wrong Legal Standard for this Motion.............3
    F. Plaintiff Has Not Pled Sufficient Facts In Her Third Through Seventh Claims And Class Allegations..................................................4
III. CONCLUSION.....................................................................................................5

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Anderson v. Blockbuster,*
 No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010) ................................................................4

*Ashcroft v. Iqbal,*
 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)................................................ 1, 4, 5

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)................................1, 3

*Bissessur v. Indiana Univ. Bd. of Trustees,*
 581 F.3d 599 (7th Cir. 2009) ...........................................................5

*Delodder v. Aerotek, Inc.,*
 No. CV 08-6044 CAS (AGRx), 2009 U.S. Dist. LEXIS 109256 (C.D. Cal. Nov. 9, 2009)..........................................................2

*Edwards v. Marin Park, Inc.,*
 356 F.3d 1058 (9th Cir. 2004)..........................................................3

*Gutierrez v. Aaron's Inc.,*
 No. 2:10-cv-02417-MCE-EFB, 2010 U.S. Dist. LEXIS 126828 (E.D. Cal. Nov. 30, 2010) ................................................................4

*Hangarter v. Provident Life & Accident Ins. Co.,*
 373 F.3d 998 (9th Cir. 2004) ..........................................................2

*Harding v. Time Warner,*
 No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) ................................................................4

*John v. Nat'l Sec. Fire & Cas. Co.,*
 501 F.3d 443 (5th Cir. 2007) ..........................................................1

*Napoto v. DHL Express, Inc.,*
 2009 U.S. Dist. LEXIS 62891 (N.D. Cal. July 2, 2009) ...............................2

*New West Corp. v. NYM Co. of California, Inc.,*
 595 F.2d 1194 (9th Cir. 1979) .........................................................3

OHS WEST:261187949.1

ii

DEFENDANT'S REPLY TO MOTION TO DISMISS
AND MOTION TO STRIKE FAC
CASE NO. CV11-03229 SJO (PJWx)

*Ortiz-Hernandez v. Westernbank of P.R.*,
   No. 10-1581 (JP), 2011 U.S. Dist. LEXIS 31726 (D.P.R. Mar. 25, 2011) ......... 3

*Richards v. Ernst & Young LLP*,
   No. C 08-4988 JF (HRL), 2010 U.S. Dist. LEXIS 16366 (N.D. Cal. Feb. 24, 2010) ................................................................................................................. 2

*Sanchez v. Aviva Life & Annuity Co.*,
   No. CIV. S-09-1454 FCD/DAD, 2010 U.S. Dist. LEXIS 64264 (C.D. Cal. June 28, 2010) ........................................................................................ 4

*Wal-Mart Stores, Inc. v. Dukes*,
   No. 10-277, 2011 WL 2437013 (U.S.) (USSC June 20, 2011) ........................... 2

**STATE CASES**

*Alvarez v. May Department Stores Co.*,
   143 Cal. App. 4th 1223 (2006) ............................................................................. 1

## I. INTRODUCTION

Plaintiff's patently deficient merit-based class definitions, which prevent any possibility of proper class notice, should be stricken. She does not have standing to seek injunctive and declaratory relief, an accounting is not warranted and she cannot recover attorneys' fees under the Unfair Competition Law ("UCL"). Plaintiff also relies upon inapplicable California standards and misstates the standard for motions to dismiss. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As discussed below and in Chico's Motion to Dismiss and to Strike ("Motion"), Plaintiff's class allegations and third through seventh claims fail to meet this standard. Chico's Motion should be granted.

## II. ARGUMENT

### A. Plaintiff's Merits-Based Class Definitions Must Be Stricken

Plaintiff does not even attempt to defend her merits-based class definitions. Instead, Plaintiff argues that Chico's challenge is procedurally premature. But as Chico's showed in its Motion, the Court should dismiss or strike facially deficient class allegations. *See e.g. John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings"); *see also Alvarez v. May Department Stores Co.*, 143 Cal. App. 4th 1223, 1231 (2006) (proper "at the pleading stage to strike class allegations if the face of the complaint and other matters subject to judicial notice reveal the invalidity of the class allegations"). Where, as here, the definitions are obviously flawed, there is no need for the Court to wait until certification to strike them. In fact, continued litigation of an action founded upon these definitions—which will inevitably create discovery and certification problems—will obviously waste the

time and resources of the Court and the parties.[1]

### B. Plaintiff Cannot Seek Injunctive or Declaratory

Plaintiff contends that the clearly articulated rule that a former employee lacks standing to seek injunctive and declaratory relief is inapplicable to wage and UCL claims. This is false. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004) (no standing to pursue injunctive relief under the UCL; plaintiff "currently has no contractual relationship with defendants and therefore is not personally threatened by their conduct"); *Richards v. Ernst & Young LLP*, No. C 08-4988 JF (HRL), 2010 U.S. Dist. LEXIS 16366, at *7-9 (N.D. Cal. Feb. 24, 2010) (former employee lacks standing to seek injunctive relief in wage class action); *Delodder v. Aerotek, Inc.*, No. CV 08-6044 CAS (AGRx), 2009 U.S. Dist. LEXIS 109256, at (C.D. Cal. Nov. 9, 2009) (striking request for injunctive relief: plaintiffs "lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices"); *Napoto v. DHL Express, Inc.*, 2009 U.S. Dist. LEXIS 62891 (N.D. Cal. July 2, 2009) (as " a former employee, Napoto lacks standing to seek injunctive relief, because she cannot show that there is a real and immediate threat that she will suffer future wage and hour violations"); *see also Wal-Mart Stores, Inc. v. Dukes*, No. 10-277, 2011 WL 2437013, 10 (U.S.) (USSC June 20, 2011) ("The Ninth Circuit recognized…that those plaintiffs no longer employed …lack standing to seek injunctive or declaratory relief").

Further, because her declaratory relief claim is premised entirely on her other claims, it must be dismissed. Even if she had standing to seek declaratory relief, it must be sought in her substantive claims, not in a superfluous standalone declaratory relief claim. Thus, Plaintiff's claim for declaratory relief must be

---

[1] Plaintiff has already attempted to invoke these merits-based class definitions in an improper attempt to avoid removal and now premises discovery on them.

dismissed and her requests for declaratory and injunctive relief must be stricken.

### C.   Plaintiff's Inapplicable California Standards Should Be Stricken

There is no basis for Plaintiff to plead inapplicable class standards premised on California law just because they may be similar to the law that actually applies to the case—Rule 23. The immaterial California standards should be stricken.

### D.   Plaintiff Cannot Seek an Accounting or Fees Under the UCL

Plaintiff has not established that her request for an accounting is appropriate. Plaintiff may seek time and payroll records in discovery; an accounting is unnecessary and unwarranted. Similarly, Plaintiff cannot recover attorneys' fees under the UCL. As noted in *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1202 (9th Cir. 1979), cited by Plaintiff, attorneys' fees are <u>only</u> recoverable under the UCL in price discrimination, secret rebates and "loss selling" cases. These claims are not at issue here.

### E.   Plaintiff Relies on the Wrong Legal Standard for this Motion

Plaintiff relies upon *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) for the proposition that dismissal of a claim under Rule 12(b)(6) is appropriate only when "it appears beyond a doubt that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief". P's Opp. 2:3-7. But the Supreme Court specifically disavowed this standard. *See* 550 U.S. at 563 (the "no set of facts" standard had "earned its retirement" and would be "best forgotten as an incomplete, negative gloss on a pleading standard"); *see also Ortiz-Hernandez v. Westernbank of P.R.*, No. 10-1581 (JP), 2011 U.S. Dist. LEXIS 31726 at *3 (D.P.R. Mar. 25, 2011) (*Twombly* "sound[ed] the death knell for the oft-quoted language …that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Moreover, wage and hour claims are not exempted from the requirements of *Twombly* and *Iqbal*. In *Iqbal*, the Court made clear that *Twombly*'s plausibility standard applies to **all federal civil**

**cases**, not just antitrust cases. *Iqbal*, 129 S. Ct. at 1953. In accord with this, and as detailed in Chico's Motion, courts have consistently dismissed wage and hour complaints pursuant to *Twombly's* plausibility standard. *See Gutierrez v. Aaron's Inc.*, No. 2:10-cv-02417-MCE-EFB, 2010 U.S. Dist. LEXIS 126828 (E.D. Cal. Nov. 30, 2010); *Anderson v. Blockbuster*, No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010); *Harding v. Time Warner*, No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009).

### F. Plaintiff Has Not Pled Sufficient Facts In Her Third Through Seventh Claims And Class Allegations

Plaintiff's Opposition highlights her Complaint's pleading deficiencies. For example, regarding her meal and rest break claims, Plaintiff asserts that "Defendant put in place a scheduling/labor budgeting system which effectively prevented class members from taking rest breaks" and that "Defendant was able to prevent the meal periods from being taken by setting up the schedule and labor budget in such a way that there was not enough time for class members to take meal and rest breaks." *See* P's Opp. 12:5-12. But Plaintiff does not allege that the "scheduling/labor budgeting system" prevented putative class members from taking breaks or even that there was not enough time for them to take breaks.[2] Plaintiff seems to ask the Court to *assume* this without so pleading, but such assumptions are not proper. *Sanchez v. Aviva Life & Annuity Co.*, No. CIV. S-09-1454 FCD/DAD, 2010 U.S. Dist. LEXIS 64264, at *7 (E.D. Cal. June 28, 2010) ("[I]t is inappropriate to assume that the plaintiff 'can prove facts which it has not alleged or that the defendants have violated the…laws in ways that have not been alleged'").

Plaintiff argues that the motivation of the alleged "scheduling/ labor budgeting system" is "obvious": that Chico's wished to save money. P's Opp.

---

[2] The Complaint instead alleges that there is not enough time for employees to complete their duties and also receive their legally requisite meal and rest periods. Complaint ¶¶ 82, 96. This allegation only states there is not enough time to perform **both** assigned duties and receive breaks. An employee could easily take breaks and not complete all assigned duties, which would not constitute a violation.

1  14:12-15. Aside from the fact that this is subject to vigorous debate, it is not pled
2  in her Complaint and thus must be disregarded. *See Bissessur v. Indiana Univ. Bd.*
3  *of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (Plaintiff cannot avoid dismissal
4  through allegations in brief that do not appear in complaint).

Similarly, with respect to Plaintiff's vacation claim, her Opposition underscores that the only fact alleged regarding this claim is the existence of a facially inapplicable vacation pay policy ("**Unless otherwise required by law**, personal time off is accrued on a calendar-year basis…personal time off is not paid out when an associate separates from the Company or changes from full-time to part-time status"). The Court cannot infer that the policy was applied to California employees because an "obvious alternative explanation" exists— the policy was not applied because it states that it is inapplicable where forbidden by law (*i.e.* in California). *See Iqbal*, 129 S.Ct. at 1951 (plaintiff's allegation could not plausibly infer purposeful unlawful discrimination because an "obvious alternative explanation" existed). Moreover, Plaintiff does not even attempt to address that her vacation, wage statement and waiting time penalties claims and class allegations are comprised entirely of "conclusory statements" and "threadbare recitations" of law. *Id.* at 1949. Thus, as detailed in Chico's Motion, Plaintiff has not pled sufficient facts in her class allegations or 3rd through 7th claims and they must be dismissed.

### III. CONCLUSION

Motions to dismiss serve a crucial purpose in wage class actions, in which, as courts consistently recognize, an ill or defectively pled complaint likely will subject the parties and the Court to substantial wastes of time and money. For the reasons discussed in Chico's Motion and above, the Court should grant Chico's Motion.

Dated: June 21, 2011

Orrick, Herrington & Sutcliffe LLP

By:     /s/ Lynne C. Hermle
LYNNE C. HERMLE
Attorneys for Defendant