1  Kevin T. Barnes, Esq. (State Bar No. 138477)
   Barnes@kbarnes.com
2  Greg Lander, Esq. (State Bar N0. 194018)
   Law Offices of Kevin T. Barnes
3  5670 Wilshire Boulevard, Suite 1460
   Los Angeles, CA 90036-5664
4  Telephone : (323) 549-9100
   Facsimile : (323) 549-0101
5
   Attorneys for Plaintiff
6  EILEEN SCHLIM on behalf of herself and
   all others similarly situated
7
   LYNNE C. HERMLE (STATE BAR NO. 99779)
8  JESSICA R. PERRY (STATE BAR NO. 209321)
   JULIA C. RIECHERT (STATE BAR NO. 254078)
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
10 Menlo Park, California 94025
   Telephone: 650-614-7400
11 Facsimile: 650-614-7401
   lchermle@orrick.com
12 jperry@orrick.com
   jriechert@orrick.com
13
   Attorneys for Defendant
14 CHICO'S FAS, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL -5 2011
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN SCHLIM, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHICO'S FAS, INC., a Florida corporation; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No. CV 11-03229 SJO (PJWx)<br><br>[PROPOSED] PROTECTIVE ORDER RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION<br><br>CLASS ACTION |

**ADDITIONAL ATTORNEYS FOR PLAINTIFF**

JOSEPH ANTONELLI (STATE BAR NO. 137039)
JANELLE CARNEY (STATE BAR NO. 201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790-2918
Telephone: (626) 917-6228
Facsimile: (626) 917-7686
jantonelli@antonellilaw.com

BRUCE KOKOZIAN (STATE BAR NO. 195723)
KOKOZIAN LAW FIRM, APC
5900 Wilshire Boulevard, Suite 1730
Los Angeles, CA 90036-5017
Telephone: (323) 857-5900
Facsimile: (323) 935-4919
bkokozian@kokozianlaw.com

**Good Cause Statement**: Plaintiff Eileen Schlim and Defendant Chico's FAS, Inc. (collectively "Stipulating Parties"), through their respective counsel of record acknowledge and agree that the prosecution and defense of this action is likely to require the exchange of Confidential Information (as that term is defined below) the public disclosure of which would cause irreparable harm to the Stipulating Parties, including but not limited to former and current employees' personnel data; compensation information; company financial information; and proprietary and confidential company documents. The Stipulating Parties agree that public disclosure of Confidential Information may violate former and current employees' right of privacy by disclosing their private personnel and financial data. In addition, public disclosure of Confidential Information may also cause financial harm and injury to Chico's FAS, Inc.'s ability to compete in the marketplace by disclosing trade secret, proprietary and commercial information that is not otherwise available to the public. Chico's FAS, Inc. treats its Confidential Information in a confidential manner and has policies in place to limit the disclosure of this information.

As such, good cause appearing, the Court hereby approves and enters this Protective Order relating to the use of private and confidential information, stipulated, consented to and agreed by the Stipulating Parties, through their respective counsel of record:

1. That the preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3. Any Stipulating Party may designate as "Confidential" any documents

or other information that contains "Confidential Information," as that term is defined in Paragraph 4 below, that a Stipulating Party has kept secret or confidential, or information which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of private information. Documents, depositions, and interrogatory responses or other papers shall be designated confidential by stamping the word "Confidential" on each page of the document containing confidential information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be confidential.

4. "Confidential Information" includes documents or other information relating to trade secrets, proprietary or other confidential commercial information that belongs to Chico's FAS, Inc. ("Chico's"), including the following specific categories of documents: (1) documents that reveal confidential current or former employee information such as name, address, telephone number, compensation, bonus information, performance records, or demographic or other personal information; and (2) documents that reveal confidential financial or commercial information regarding Chico's business that is not available to the public or Chico's competitors. Execution of this protective order shall not waive any right otherwise available to the Stipulating Parties to object to the production of any such requested information on privacy, attorney-client privilege, attorney work product, relevancy or other grounds when the parties deem such an objection to be necessary or appropriate.

5. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material or information meeting the definition of Confidential Information in Paragraph 4 above. Upon discovery of an inadvertent or otherwise

non-designation, the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order.

6. All Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of this litigation shall be treated as confidential and shall not be disseminated to any person not directly connected with this specific litigation. Specifically, all Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed to anyone other than:

(a) retained and corporate attorneys for any Stipulating Party who are engaged in litigating this action and the employees of such attorneys;

(b) persons not employees of any Stipulating Party who serve as experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the prosecution or defense of this action, including, but not limited to statisticians, economists, attorneys and other experts, and the employees of such persons;

(c) a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

(d) potential witnesses in connection with this litigation;

(e) the Court and mediators, and the personnel of any of the foregoing.

7. No person shall make any disclosure of Confidential Information to any person falling within categories (b) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." Either party may request of the other, a copy (if any) of said signed statement(s) to counsel. Subject to applicable privileges, the other party must promptly comply

with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and/or provide the requesting party with the appropriate objections that would prevent such disclosure in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to both hold a pre-filing conference as provided in Local Rule 37-1 and submit to the opposing party a joint stipulation for a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

8. No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order. Disclosure of all items designated as Confidential Information in this action shall be solely for the purposes of this action (*Eileen Schlim v. Chico's FAS, Inc.*, United States District Court, Central District of California, Case No. CV 11-03229 SJO (PJWx)), unless and until such designation is removed either by stipulation by attorneys for the named party or by order of the Court.

9. This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

10. All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 79-5. If any Stipulating Party intends to file or lodge with the Court for any purpose any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing information that has been designated as Confidential Information by another Stipulating Party,

or any pleading, motion, brief, or declaration containing or disclosing information that has been designated as Confidential Information by another Stipulating Party, it will first provide the Designating Party no less than five court days' notice of such intent. This notice will clearly identify, by Bates-stamp number or other detailed description, the specific documents that are to be filed/lodged with the Court. This minimum five-day notice period will enable the Designating Party an opportunity to serve on the Stipulating Party that intends to file or lodge the Confidential Information a written application and proposed order requesting that the pleading, motion or evidence (or portion thereof) containing Confidential Information be filed under seal, pursuant to Local Rule 79-5.1. The application must show good cause for filing under seal. The Stipulating Party that lodges or files potentially affected documents shall then present to the judge to whom the affected papers are directed, along with the potentially affected documents, the Designating Party's application and proposed order, pursuant to Local Rule 79-5.1. The Stipulating Party that lodges or files potentially affected documents with the Court also will file or lodge them in an envelope or container marked "CONDITIONALLY UNDER SEAL" pending the Court's ruling on the Designating Party's application. The Court's refusal to order certain documents sealed does not impact or abrogate any party's designation of those documents as Confidential Information.

11. Nothing in this order shall preclude any party from using Confidential Information at the trial of this litigation; provided, however, that prior to using such material the party offering it advises the Court and all other parties so that steps can be taken to ensure the preservation of the confidential nature of the information to be used, if deemed necessary and appropriate by the Court.

12. Should any Stipulating Party object to the Confidential treatment of any information designated Confidential under the terms hereof, such Stipulating Party shall, after meeting and conferring in good faith with the designating party as required by Local Rule 37-1, move the Court consistent with the requirements of

1  Local Rule 37-1 for an order releasing the material from the designation as
2  Confidential.
3      13.  Nothing contained herein shall restrict in any way the rights of any
4  Stipulating Party producing Confidential Information to release that information or
5  otherwise make it non-Confidential.
6      14.  All Confidential Information, including but not limited to documents
7  produced by Plaintiff or Chico's that relate to Chico's trade secrets, proprietary or
8  other confidential information, that belongs to Chico's shall remain the property of
9  Chico's, together with all copies thereof, and shall be returned to counsel for
10 Chico's at the conclusion of the litigation. Notes, summaries and other documents
11 protected by the work product doctrine shall remain subject to this Stipulation and
12 Protective Order.
13     15.  This Stipulation and Protective Order shall not limit the right of any
14 party to apply for further protective orders as modifications or extensions of this
15 order, and shall not restrict the use by any party of its own information.
16     16.  Once protections in this Stipulation and Protective Order have attached
17 to a document, statement or item of information hereafter communicated, such
18 protections shall not be reduced or waived by further communicating, restating,
19 summarizing, discussing or referring to any such documents, statements or
20 information.
21     IT IS SO ORDERED:
22
23 Dated: 7/5____, 2011          _Patrick J. Walsh_____
24                                The Honorable Patrick J. Walsh
                                  United States Magistrate Judge
25
26
27
28

# EXHIBIT A
## CERTIFICATION

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Eileen Schlim v. Chico's FAS, Inc.,* United States District Court, Central District of California, Case No. CV 11-03229 SJO (PJWx), and hereby agree to fully comply with the terms and conditions thereof. This Protective Order is enforceable by the United States District Court, Central District of California.

Executed this ___ day of _____, at _____.

_____
(Signature)