Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
Email: JAntonelli@antonellilaw.com

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Bruce Kokozian, Esq. (#195723)
KOKOZIAN LAW FIRM, APC
5900 Wilshire Boulevard, Suite 1730
Los Angeles, CA 90036-5017
Tel.: (323) 857-5900 / Fax: (323) 935-4919
Email: BKokozian@kokozianlawfirm.com

Attorneys for Plaintiff EILEEN SCHLIM,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| EILEEN SCHLIM, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHICO'S FAS, INC., a Florida corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: CV11-03229 SJO (PJWx)<br>Honorable James S. Otero<br>Courtroom 1<br><br>**CLASS ACTION**<br><br>**STIPULATION REGARDING PRECERTIFICATION OPT-OUT NOTICE;**<br><br>**[PROPOSED] ORDER**<br><br>Action filed: March 17, 2011<br>Action removed: April 15, 2011 |

- 1 -
**STIPULATION REGARDING PRECERTIFICATION OPT-OUT NOTICE**
OHS WEST:261228361.1

1    WHEREAS, Plaintiff filed her complaint in Los Angeles Superior
2    Court on or about March 17, 2011;
3    WHEREAS, Defendant removed the herein action to United States
4    District Court on or about April 15, 2011;
5    WHEREAS, Plaintiff filed a Motion to Remand to State Court on or
6    about May 16, 2011;
7    WHEREAS, on or about June 21, 2011, the court issued a Minute
8    Order advising the parties that Plaintiff's motion to remand was being taken
9    under submission;
10   WHEREAS, Plaintiff served Special Interrogatories, Set One seeking
11   the identification of putative class members;
12   WHEREAS, Defendant served an objection to the disclosure of
13   putative class member contact information on or about June 20, 2011;
14   WHEREAS, the parties have met and conferred and agreed that in
15   order to preserve the privacy rights of the putative class members, a letter
16   would be sent by a neutral third party allowing said putative class members
17   to object to the release of their contact information;
18   WHEREAS, Plaintiff submitted the proposed stipulation and order on
19   June 27, 2011.  The court denied the stipulation because "the parties have
20   provided insufficient information for the court to make an informed decision
21   regarding the need and propriety of the proposed order and the impact of the
22   order on Local Rule 23-3." *See* July 7, 2011 Order Re: Stipulation
23   Regarding Precertification Notice;
24   WHEREAS, Plaintiff resubmits the stipulation with further
25   clarification for why Plaintiff seeks this information.  Plaintiff seeks the
26   ability to communicate with putative class members about the allegations in
27   this case, as Plaintiff and Plaintiff's counsel are fiduciaries to the class and
28   seek substantive class-wide claims.  Although Plaintiff believes that she has

- 2 -

the right to require the names, addresses, and telephone numbers be produced, Plaintiff has agreed to an "opt-out" notice procedure. Plaintiff advised the court of this procedure in its ex parte application concerning an extension of the Local Rule 23-3 continuance. The court granted Plaintiff's application;

WHEREAS Plaintiff submits that this type of "opt out" notice procedure has been specifically adopted by several courts to protect putative class member privacy rights. *See e.g.* Pioneer Electronics v. Superior Court, 40 Cal.4th 360 (2007) (permitting disclosure of contact information after use of opt out notice procedure). Plaintiff asserts that all counsel are permitted fair precertification communication pursuant to Gulf Oil Co. v. Bernard (1981) 452 U.S. 89 and its progeny, however without the order being entered Plaintiff will have no access to the putative class members that the defendant can contact. Plaintiff contends that, consistent with fundamental fairness, in the absence of abuse, neither party should be precluded from investigating and preparing its case for certification. Atari Inc. v. Superior Court (1985) 166 Cal.App.3d 867 at 873. Plaintiff asserts that Atari approved free, open, and fair communication between any party to the litigation and the absent class members;

WHEREAS, Plaintiff contends that she needs to speak to similarly situated employees given Plaintiff's allegation that she and others were forced to work off the clock and were forced to forgo requisite meal periods. In conjunction with objective evidence received to date, Plaintiff seeks the contact information that she contends is necessary to properly prepare Plaintiff's motion for class certification. Plaintiff asserts that without said information and opportunity to talk to putative class members that the putative class members will be prejudiced;

1  The parties by and through their attorneys of record, stipulate that
2  Plaintiff, via neutral third party administrator Rust Consulting, Inc., may
3  send a precertification notice to the putative class members herein, at
4  Plaintiff's cost. The proposed notice is attached hereto as **Exhibit 1**.

6  IT IS SO STIPULATED.

8  DATED: July 20, 2011          LAW OFFICE OF JOSEPH ANTONELLI
                                  LAW OFFICES OF KEVIN T. BARNES

10                                By: _____
                                      Janelle Carney
11                                    Attorneys for Plaintiffs

13 DATED: July 19, 2011           ORRICK HERRINGTON SUTCLIFFE LLP

15                                By: _____
                                      Lynne C. Hermle, Esq.
                                      Jessica R. Perry, Esq.
16                                    Julia C. Riechert, Esq.
                                      Attorneys for Defendants

17 ///
18 ///
19 ///

- 4 -
**STIPULATION REGARDING PRECERTIFICATION OPT-OUT NOTICE**
OHS WEST:261228361.1

# Exhibit 1

### Notice Regarding Your Privacy Rights In Connection With A Pending Proposed Class Action Lawsuit Against Chico's
(Schlim v. Chico's FAS, Inc.,
Case No. 2:11-cv-03229-SJO (PJWx))

You are receiving this Notice of Privacy Rights because you are working for or have worked previously for Chico's FAS, Inc. ("Chico's") as an hourly paid and/or full time employee in California at any time between March 17, 2007 and the present. This Notice is being sent to you by Order of the United States District Court.

Plaintiff Eileen Schlim's attorneys are seeking your name, telephone number, and home address. The purpose of this Notice is to inform you about the lawsuit so that you can make a decision as to whether or not to consent to the disclosure of your name, telephone number, and home address to plaintiff's attorneys. Chico's maintains your name, telephone number and home address as confidential information.

This Notice of Privacy Rights is <u>not</u> an expression of any opinion by the Court as to the merits of any claim or defense asserted by either side in this litigation. The Court has not yet ruled as to whether this case may proceed as a class action, or whether any of the allegations or defenses of the parties have merit.

The plaintiff in the lawsuit claims that Chico's (1) failed to pay all wages; (2) failed to include bonus in the calculation of the regular rate for purposes of calculating overtime; (3) failed to provide meal periods; (4) failed to authorize and permit paid rest periods; (5) failed to pay vested vacation pay at termination; (6) failed to timely furnish accurate itemized wage statements; (7) failed to pay all wages due at termination; and (8) engaged in unfair business practices. The plaintiff seeks to represent classes of hourly paid and/or full time California Chico's employees.

Chico's denies all of plaintiff's allegations and claims in the lawsuit. Specifically, Chico's maintains (1) that it has paid and continues to properly pay its employees all compensation due; (2) that its meal and rest period policies and practices and wage statements comply with the law; (3) that it has paid all vested vacation pay and final wages due at termination; and (4) that it has not engaged in any unfair business practices.

The attorneys for Ms. Schlim and Chico's are as follows:

**Attorneys for Ms. Schlim**

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

**Attorneys for Chico's**

Lynne C. Hermle, Esq.
Jessica R. Perry, Esq.
Julia C. Riechert, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel.: (650) 614-7482
Fax: (650) 614-7401

13359658v.1

Email: JRiechert@orrick.com

If you <u>do not</u> want your name, telephone number, and home address released to plaintiff Eileen Schlim's attorneys, then you must sign the enclosed postage pre-paid postcard and return it to [           ] by [date].

Please do not contact the Court in response to this Notice.